UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 13-8-KKC

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                               **FORFEITURE INSTRUCTIONS**

ERNEST WILLIAM SINGLETON,
DOUBLE D HOLDINGS, LLC
S&R MEDICAL ENTERPRISE, LLC
d/b/a Central Kentucky Bariatric and Pain Management
CENTRAL KENTUCKY FAMILY PHARMACY, and
GRANT COUNTY WELLNESS CENTER, LLC.,                                       DEFENDANTS.

*****

Members of the jury, you have found the defendants guilty of all charges in the Indictment. I now must ask you to render a special verdict concerning property the United States Government has alleged is subject to forfeiture to the United States. All of my previous instructions regarding credibility of witnesses and duty to deliberate apply with respect to this special verdict. You should consider all of my previous instructions when deliberating as to forfeiture except the instruction regarding the burden of proof. The burden of proof under which the forfeiture issues should be determined is by a preponderance of the evidence, as that term is defined for you.

Under the federal drug laws, any person who is convicted of the offense charged in Counts 1 through 11 is required to forfeit to the United States the profits and instrumentalities of the illegal conduct. Specifically, the laws of the United States provide that the following interest is subject to forfeiture pursuant to 21 U.S.C. § 853 as alleged in the Indictment:

1

1) any of the Defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

2) any property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as the result of such violation.

Under the federal money laundering laws and 18 U.S.C. § 982(a)(1), any person who is convicted of the offenses as alleged in Counts 12 through 23 of the Indictment, is required to forfeit to the United States:

Any property, real or personal, involved in [a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957] or any property traceable to such property.

Property subject to criminal forfeiture may include real property and tangible or intangible personal property, whether or not the property has been seized by the United States Government.

In this case, the United States Government has alleged that the defendants used property to facilitate drug trafficking, acquired proceeds as a result of the drug trafficking conspiracy, and conducted financial transactions involving criminally derived property. The Forfeiture Allegation states as follows:

Pursuant to 21 U.S.C. § 853, in committing the felony offenses alleged in Count 1 through 11of this Indictment, each punishable by imprisonment for more than one year, ERNEST WILLLIAM SINGLETON, aka WILL SINGLETON, DOUBLE D HOLDINGS, LLC, S & R MEDICAL ENTERPRISE, LLC, dba CENTRAL KENTUCKY BARIATRIC AND PAIN MANAGEMENT, and GRANT COUNTY WELLNESS CENTER, LLC, used, and intended to use, the below-described property to commit and to facilitate the said controlled substance violations, and the below described property constitutes and is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. §§ 846 and 841(a)(1), including, but not limited to, the property listed below.

Pursuant to 18 U.S.C. § 982(a)(1), in committing the felony offenses alleged in Counts 12 through 23 of this Indictment, each punishable by imprisonment for more than one year, ERNEST WILLLIAM SINGLETON, aka WILL

2

SINGLETON, DOUBLE D HOLDINGS, LLC, S & R MEDICAL ENTERPRISE, LLC, dba CENTRAL KENTUCKY BARIATRIC AND PAIN MANAGEMENT, CENTRAL KENTUCKY FAMILY PHARMACY, and GRANT COUNTY WELLNESS CENTER, LLC, shall forfeit to the United States any property, real or personal, involved in the offense or any property traceable to such property, including, but not limited to, the property listed below.

**REAL PROPERTY:**

1. 270.71 acres, and all improvements thereon, located in Washington County, Kentucky, conveyed to Double D Holdings LLC by deed dated July 19, 2011, recorded in Deed Book 329, Page 555, Washington County Clerk's Office.

2. 159.54 acres, and all improvements thereon, located in Washington County, Kentucky, conveyed to Double D Holdings LLC by deed dated August 12, 2011, recorded in Deed Book 329, Page 802, Washington County Clerk's Office.

3. 25 acres, and all improvements thereon, located in Washington County, Kentucky, conveyed to Double D Holdings LLC by deed dated February 17, 2012, recorded in Deed Book 331 Page 819, Washington County Clerk's Office.

4. 183.16 acres, and all improvements thereon, located in Washington County, Kentucky, conveyed to Double D Holdings LLC by deed dated December 30, 2011, recorded in Deed Book 331, Page 379, Washington County Clerk's Office.

5. Boston Square Condominium units 201, 202, and 203, located in Scott County, Kentucky, conveyed to Double D Holdings LLC by deed dated December 9, 2011, recorded in Deed Book 341, Page 579, Scott County Clerk's Office.

6. 1.12 acres, and all improvements thereon, located in Estill County, Kentucky, conveyed to Double D Holdings LLC by deed dated November 9, 2011, recorded in Deed Book 288, Page 323, Estill County Clerk's Office.

**CURRENCY/FINANCIAL INSTRUMENTS:**

1. $5,690.00 in United States Currency;

2. $720.00 in United States Currency;

3. $2,600.00 in United States Currency;

4. $17,179.00 in United States Currency;

5. $7,081.99 seized from Main Source Bank Acct. #XXX2361;

6. $150,132.10 seized from Main Source Bank Acct. #XXX8890;

7. $107,237.94 seized from Community Trust Bank Acct. #XXXXXX9919;

8. $27.07 seized from Main Source Bank Acct. #XXX9769;

9. $640.00 seized from Community Trust Bank Acct. #XXXXXX9919 on January 22, 2013.

**LIVESTOCK AND HAY:**

1. The proceeds from the 207 cattle and 11 buffalo that were seized and sold pursuant to Agreed Order dated January 14, 2013.

2. All rolled bales of hay located on property owned or leased by Double D (excluding bales previously sold but remaining on the property).

**VEHICLES/ FARM EQUIPMENT:**

1. 2012 Dodge Ram 3500 ST – Crew Pickup, VIN 3C63DRGL5CG202300;
2. 2006 Ford F250, VIN 1FTSW21P56EA75917;
3. 2003 BMW X5, VIN 5UXFA535X3LW23235;
4. 2011 Springdale Summerland RV, VIN 4YDT3022B3151387;
5. 2011 Trail Star Boat Trailer, VIN 4TM15PK27BB001424;
6. 2011 Tahoe 20 ft. boat, VIN BUJ61156E111;
7. Trail Star Boat Trailer, VIN # 4TM15PK27BB001424;
8. Tahoe 215cc, VIN # BUJ61156E111;
9. White Horse Trailer w/ tack trunk & living quarters, no vin;
10. East Grain Trailer, KY plate 601835;
11. John Deere Hay Baler 328, E00328T300133;
12. Walton Hay Tettor WT-21, 0023927;
13. Kawasaki Vulcan Voyager, Vin # JKBVNRA119A001139;
14. Dixie Chopper Lawn Mower, VIN # 505S625;
15. New Holland Disc Bine H7230, VIN # YBN090872;
16. Durabilt Durarake, VIN # 01-1096;

17. Woods BW180HD, Serial # 1191758;

18. Tarter Industries Trailer, VIN # 51GBU1215BL00351;

19. John Deere UTV Gator, VIN # 1M082565E8M019530;

20. Honda Ranger ES, VIN # 478TE24471A104531;

21. Progressive, Model 4250 Sprayer, 2-534-341;

22. John Deere, 920 Combine Head & Trailer, H00920F626986;

23. International, 475 Disk, S/N 0470000U018039;

24. John Deere EZ Trailer 680 S/N#680E021112Z 5867;

25. John Deere Combine Head 643 (S/N# Illegible) on EZ Trailer 680;

26. Volvo, Model 3406E, VIN # 4VG7DECH4WN752126;

27. Chamberlain Grain Trailer, Model (unknown), VIN # DOT2110851;

28. John Deer, Model 1210A, VIN # 008578GP;

29. Agri-King, Model 1370 Tractor, VIN # 8738876;

30. John Deer Combine w/ rear attachment, VIN # 356846H;

31. New Holland Silage Chopper 790 w/ front attachment, VIN 996593;

32. John Deer, Model 7000, VIN # 055711A;

33. Badger, Model BN1050, VIN # 11111B0540-46069;

34. Badger, Model BN1050, VIN # 11111B0540-46342;

35. Vicon Disc Mower, Model CM2400, VIN # KT413504;

36. Myer Feed Wagon, Model 3516, VIN # (scratched off);

37. Cattle Trailer 36', Model (unknown), VIN # IPF-L3430-5-CAI/0347;

38. Val Metal Mixer, Model 400, VIN 54164;

39. Feather Lite, Model 5320, VIN # 4FGD224234H073268;

40. New Holland, Model 514, VIN # 734296;

41. Badger, Model BN316, VIN # 4271B15-20600;

42. John Deere Roll Bailer, Model 558, VIN # E00558X334192;

43. Gator, Model Trailer TRA, VIN # 4Z1GF252965018733;

44. New Holland, Model T6030, VIN # (unable to locate) with Black Bucket; "A6AB", Model 717419006, VIN # 0329628, Hay Spear & Fork Attachment;

45. Anderson, Model NWS 660 Bale Wrapper;

46. New Holland, Model 355 Grain Mill, S/N 843044;

47. Suzuki Vinson Quad Runner, VIN # M409-121186;

**FIREARMS:**

1. Connecticut Valley Arms 50 cal. blackpowder #827109

2. 22 magnum handgun #E219871

3. Lewis machine tool 7.62 cal. long rifle, #LMS11845

4. Lewis 7.62 cal., #LMS11845

5. Connecticut Valley Arms model: Wolf magnum black powder 50 cal., serial #61-13-037678-05

6. Connecticut Valley Arms model: model optimum magnum black powder 50 cal., serial #61-13-064941-05

7. Savage 93R17, 17 cal. long gun, serial #329724

8. Long gun, Wards Western field deluxe, model 60, 16 gauge, serial #U76718

9. Mossberg International 702 plinkster, 22 cal. long gun, serial #EG1297803

10. Benelli Super venci long gun, 12 gauge, serial #CH007329L

11. Savage Arms long gun, model 77C, 20 gauge, serial #: unidentified

12. Taurus 44 magnum handgun serial #ES442708

13. Savage Arms 338 long rifle, serial #H343006 LOADED

14. J.G. Anschutz rifle, serial #1360114

15. Magnum Research Inc. Desert Eagle .44 handgun, serial #6478

16. Ruger super Blackhawk, 44 magnum handgun, serial #552-61840

17. Taurus Judge handgun, serial #DU281684

18. Springfield Armory .45 auto handgun, serial #MG527853

19. Ruger GP100 357 magnum handgun, serial #174-86984 LOADED

20. Mossberg 12 gauge shotgun, serial #UM220996

21. Remington Woods Master model 742 long gun, .30-.60, serial #391725

22. CVA Wolf Magnum. 50 cal. long gun, inline black powder LOADED, serial #61-13-037006-08

23. Remington 3-06 Bushnell scope, model 721, serial #350597

24. Springfield Hawken 50 cal. rifle

25. Knight 50 cal. rifle, #199611

26. Old wooden rifle (1943) bolt action 1575

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest ERNEST WILLIAM SINGLETON, aka WILL SINGLETON, DOUBLE D HOLDINGS, LLC, S & R MEDICAL ENTERPRISE, LLC, CENTRAL KENTUCKY FAMILY PHARMACY, LLC, dba CENTRAL KENTUCKY BARIATRIC AND PAIN MANAGEMENT, and GRANT COUNTY WELLNESS CENTER, LLC, have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

## INSTRUCTION NO. 2

You are instructed that the phrase "any property, real or personal, involved" in a transaction or attempted transaction in violation of 18 U.S.C. §1956(a)(1) includes:

1. The money or other property laundered;

2. Any fees or commissions paid to the persons involved in the money laundering offense;

3. Any property used to facilitate the offense;

4. Any property traceable to such property.

Such property is subject to forfeiture to the United States based upon the money laundering offenses for which the defendants have been convicted.

# INSTRUCTION NO. 3

## Definition of Facilitate

Property is forfeitable as "**facilitating**" property if it makes the underlying criminal activity less difficult or "more or less free from obstruction or hindrance."

To be forfeitable, the property need not be used exclusively for illegal activity; property that is used the vast majority of the time for legitimate purposes may nevertheless be forfeited if it facilitates a criminal offense. Facilitation of even a single felony offense is sufficient to justify forfeiture.

## JURY INSTRUCTION NO. 4

### Forfeiture of Proceeds

There is a rebuttable presumption at trial that any property of a person convicted of a felony for which you have convicted the defendant herein, is subject to forfeiture if the United States establishes by a preponderance of the evidence that:

(1) such property was acquired by such person during the period of the violation or within a reasonable time after such period; and

(2) there was no likely source for such property other than the violation.

**JURY INSTRUCTION NO. 5**

The United States Government must prove its case for forfeiture by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence.

While deliberating, you may consider any evidence offered by the parties before or after your previous deliberations.

A Special Verdict Form has been prepared for your use. You may answer by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No". The foreperson must then sign and date the Special Verdict Form.