# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ERNEST WILLIAM SINGLETON, et al.,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:13-008-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to strike the third-party claim of Joe and Margie Coulter. (DE 286). For the following reasons, the motion to strike will be granted.

\* \* \*

Ernest William Singleton was convicted along with several corporate defendants for conspiring to distribute controlled substances and money laundering. Following his conviction, a Preliminary Judgment of Forfeiture was entered, which resulted in the forfeiture of real property, funds from multiple bank accounts, vehicles, farm equipment, hay, livestock, and firearms. (DE 217). One of these accounts was held at Community Trust Bank ("the Account") by the corporate defendant Central Kentucky Family Pharmacy ("the Pharmacy"). The United States seized more than $100,000 from this account.

Under the Comprehensive Crime Control Act of 1984, any person, other than the defendant, who asserts a sufficient interest in property forfeited to the United States may petition the district court to adjudicate the validity of his alleged interest. *See* 21 U.S.C. § 853(n). On September 3, 2013, Joe and Margie Coulter filed a third-party petition to recover funds seized from the Account. (DE 239). In their petition they seek recovery of

what they deem to be proceeds of a $150,000 loan made to the Pharmacy on December 24, 2012, that was to be repaid with 6 percent interest in December of 2013. The loan itself was deposited into the Account at Community Trust. Additionally, the Coulters claim they are entitled to recover from the forfeited funds an unpaid $22,500 rental payment owed by Ernest Singleton, both individually and as a member of the corporate defendant Double D Holdings.

The United States moves to strike the Coulters' claim without a hearing on the grounds that they have not asserted a valid claim under § 853(n) and therefore have no standing to contest the forfeiture. A third-party's petition to recover property may be dismissed without a hearing if it fails to establish a prima facie showing of right under § 853(n)(6). *See United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988). Section 853(n)(6) describes two types of claimants who may dispute a forfeiture: (1) those who had a vested right in the property superior to the defendant's at the time the crime was committed, and (2) bona fide purchasers of the property for value. The Coulters fit neither of these categories.

At the outset, the Coulters mistakenly describe their interest as being vested in the specific funds originally loaned. They are general creditors who seek payment of debts owed. Their interest in repayment does not attach to any specific property. It does not matter that the defendant deposited the loan funds into the Account because the Coulters do not have a vested right to the specific funds loaned. Rather, their right is only in collecting repayment of the debts owed, and as such, is a general right against the estate. The Coulters have a right to collect the debt against the estate, and reduce their claim to a perfected judgment lien, but they have not done so and did not do so before forfeiture. They therefore remain general creditors.

General creditors do not have standing to dispute a criminal forfeiture. *See Campos*, 859 F.2d at 1239. In order to proceed under § 853(n), a general creditor "must assert something more than being a general creditor," and the Coulters have not done so. *Id*. Their claim and its corresponding documentation establish only that they are owed a debt, but nothing indicates that their rights have vested in a particular piece of forfeited property. *See id*. at 1239–40 (finding that "[a] general creditor's interest under subsection (A) in a particular forfeited asset is no different conceptually from a tort claimant's position"). Because of this, the Coulters lack standing to proceed.

Nor are the Coulters saved by the second component of § 853(n)(6), which permits bona fide purchasers of value to dispute a criminal forfeiture. Here, the Coulters point the Court to *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987), a case where the Fourth Circuit Court of Appeals held that "general creditors who have a legal interest in the forfeited estate and who gave valuable consideration to the estate without knowledge of the potential forfeitability of the defendant's assets may recover the value so conveyed under § 853(n)(6)(B)." *Id*. at 207. But the Sixth Circuit has rejected the holding in *Reckmeyer*, finding instead that "unsecured creditors . . . should not be allowed to assert claims under § 853(n)(6)(B). Such unsecured creditors do not fit the traditional definition of 'bona fide purchasers.'" *Campos*, 859 F.2d at 1238. The Coulters' reliance on *Reckmeyer* is misplaced, and they are not bona fide purchasers for value under § 853(n)(6)(B).

Although the requirements of § 853(n) are clear, the Court notes that it reaches this decision reluctantly. The Coulters are innocent victims of crimes committed by Ernest Singleton. Criminal forfeiture can lead to harsh results, but it is unfortunately "a result frequently mandated by forfeiture procedures." *Id*. On this point, however, the United States has indicated that not all of the property owned by Singleton and the corporate

3

defendants has been seized. If the government is unwilling to settle this claim, the Coulters should look toward this other potential property to obtain its requested relief.

Accordingly, and for the above-stated reasons, the Court finds that the Coulters have failed to make a prima facie showing of right under § 853(n)(6) and **IT IS ORDERED** that the United States' motion to strike their claim (DE 286) is **GRANTED**.

Dated this 21st day of July, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY