UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:13-008-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| ERNEST WILLIAM SINGLETON, et al., | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to strike the third-party claims of Eileen and Lamar Fowler. (DE 287). For the following reasons, the motion to strike will be granted and the claims will be dismissed.

\* \* \*

Ernest William Singleton was convicted along with several corporate defendants for conspiring to distribute controlled substances and money laundering. Following his conviction, a Preliminary Judgment of Forfeiture was entered, which resulted in the forfeiture of real property, funds from multiple bank accounts, vehicles, farm equipment, hay, livestock, and firearms. (DE 217).

Lamar and Eileen Fowler were partners with Singleton in the operation of Grant Co. Wellness Center, LLC, one of the corporate defendants convicted in this case. According to the Operating Agreement provided by the Fowlers (DE 252-1; DE 253-1), both Lamar and Eileen were members of the Wellness Center and entitled to a 15 percent interest in its income. They claim that they are each entitled to $255,048.76 for the labor furnished pursuant to their contract. This money is presumably owed by Singleton and/or the Grant

Co. Wellness Center. To collect on this debt, they identify the funds seized from two bank accounts at MainSource Bank as rightfully belonging to them.

The Fowlers filed identical petitions under § 853(n) to recover funds seized by the United States from the two bank accounts. The basis for their claim is straightforward: they contend that Singleton owes them each approximately $250,000 due to their 15 percent interest in the income generated by the Grant Co. Wellness Center. They do not explain why their 15 percent interest is tied to these specific bank accounts, nor do they explain why their contractual rights attach to any specific property at all. Moreover, they do not contend that they owned or had a right to any of the specific funds deposited into the account, much less the accounts themselves. In fact, the Fowlers do not even suggest that these accounts were owned or operated by the Grant Co. Wellness Center. Rather, the petitions state only that they are each owed approximately $250,000 for the labor furnished under their contract.

Third parties are permitted to challenge criminal forfeitures under 21 U.S.C. § 853(n). Typically, a hearing is required to adjudicate these claims, *see* 21 U.S.C. § 853(n)(2), but a claim may be dismissed without a hearing if the claimant fails to make a prima facie showing of legal right or interest under § 853(n)(6). *See United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988). Under § 853(n)(6)(A), a third party can recover forfeited property if he had a vested legal right or interest in the specific property that was superior to the defendant's right at the time the crime was first committed. Claimants under § 853(n)(6)(B), on the other hand, may challenge a forfeiture if they are bona fide purchasers of the property for value. Significantly, both provisions of § 853(n)(6) require that the claimant allege an interest in the *specific* property seized by the government. General creditors who claim only that they are owed a debt lack standing to mount a

forfeiture challenge. *See Campos*, 859 F.2d at 1239. For this reason, a general creditor "must assert something more than being a general creditor" in order to proceed under § 853(n). *Id*.

Here, the Fowlers have failed to establish a prima facie showing of legal right or interest sufficient to challenge the forfeiture. Their petitions and corresponding documentation establish only that they are owed a debt by Singleton and/or the Grant Co. Wellness Center. Such a contractual debt does not establish a legal right or interest in *specific* property seized by the government, as required by § 853(n)(6). *See id*. at 1239–40 (finding that "[a] general creditor's interest under subsection (A) in a particular forfeited asset is no different conceptually from a tort claimant's position"). More importantly, the Fowlers have not indicated—in either their petitions or their subsequent briefing—that they have a vested right or interest in the specific funds subject to forfeiture. Their claims of contractual entitlement detached from any specific property is insufficient to establish standing. For this reason, a hearing is unnecessary and the Fowlers' claims must be dismissed.

The Court finds that Eileen and Lamar Fowler have failed to make a prima facie showing of legal right or interest under § 853(n)(6) in the forfeited property. Accordingly, **IT IS ORDERED** that the United States' motion to strike their third-party claims (DE 287) is **GRANTED**.

Dated this 23rd day of July, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY