UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

UNITED STATES OF AMERICA,

     Plaintiff,

V.

ERNEST WILLIAM SINGLETON,

     Defendant.

CRIMINAL ACTION NO. 5:13-08-KKC

**MEMORANDUM OPINION & ORDER**

*** *** ***

This matter is before the Court on two of the Defendant's motions. Defendant seeks an extension of time to file his reply to the United States' response to his motion for return of property (DE 372) and he requests appointment of counsel for purposes of filing a petition for post-conviction relief (DE 371).

As grounds for his motion for an extension, Defendant points to his limited access to documents relevant to his motion and the restriction of his available time because of an upcoming due date for an appellate brief in a related civil action. (DE 372.) The United States has objected to Defendant's motion, but on grounds unrelated to Defendant's actual need for an extension. (DE 373–74.) The Government's concerns have been addressed in a separate order. Because the Government has not otherwise objected to Defendant's request, this Court finds that Defendant has offered a sufficient basis for *some* extension. However, Defendant's request for an additional ninety days is entirely inconsistent with the complexity of the subject matter of Defendant's initial motion. (DE 367.) The United States specifically identified the property in its possession and noted the items it was willing to make available for retrieval by Defendant's representative. (DE 370.) Under this Court's

local rules Defendant's reply was due no later than February 26, 2016. LR 7.1(c). This Court will grant Defendant an additional thirty day extension from the date of entry of this order. However, Defendant should note that he will be expected to comply with future deadlines and that, absent good cause shown, failure to timely respond or reply may provide grounds for granting future motions from the United States or denying future motions from the Defendant. LR 7.1(c)

Singleton also requests appointment of counsel to represent him in these proceedings. (DE 371). There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Congress has authorized appointment of counsel in post-conviction proceedings if the Court determines the "interests of justice" so require. 18 U.S.C. § 3006A(a)(2). The Court has considered the complexity of the case, the ability of the Defendant to represent himself competently, and his likelihood of success on the merits of the claim. The Court finds that that this case is not one where the interests of justice require appointment of counsel. Although there are voluminous documents relevant to the case at hand, the sheer volume of review necessary for filing a claim is not sufficient to necessitate counsel. Defendant has presented no complex legal issues that would require advice of counsel. Perhaps most importantly, Defendant has exhibited the ability to represent himself competently through his numerous pro se filings to this point in the proceedings. For these reasons, the Court will deny Defendant's motion to appoint counsel to assist in his preparation of a habeas petition.

Accordingly, **IT IS ORDERED** as follows:

1. The Defendant's motion for an extension of time to file his reply (DE 372) is **GRANTED IN PART**. Defendant shall have thirty (30) days from the date of entry of this order in which to file his reply.

2. The Defendant's Motion to Appoint Counsel (DE 371) is **DENIED**.

Dated March 11, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3