# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION NO. 5:13-08-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION & ORDER** |
| **ERNEST WILLIAM SINGLETON,** | |
|     **Defendant.** | |

*** *** ***

This matter is before the Court on Defendant Ernest William Singleton's motions to compel the United States to conform to Bureau of Prisons ("BOP") mailing requirements (DE 378), for a second extension of time to file a reply (DE 381), to compel the Bureau of Prisons to resume his access to his case file (DE 382), and the United States' motion for permission to retrieve medical and employment files containing confidential personally identifiable information. (DE 374.)

Regarding the Defendant's motion for compliance with BOP mailing requirements, the United States does not appear to argue whether it should conform to these requirements moving forward. Instead, the Government points out that the Defendant's motion is the first time it was notified of any request to follow these procedures. (DE 379 at 1.) Accordingly, Defendant's motion will be denied without prejudice and with leave to reassert the motion in the event that future mailings are deficient.

Both the United States' motion to retrieve files and the Defendant's motion for resumed access to his case file address the same issue: the scope of access Defendant should have to documents contained in his case file. (DE 374; DE 382.) The Government only

disputes Defendant's access to documents that were produced for purposes of Defendant's trial pursuant to an agreed protective order. (DE 82.) The order conditioned disclosure upon maintenance of confidentiality and limited use "for purposes of the litigation." (DE 82.) Defendant has exhausted his direct appeals and the United States now seeks to retrieve documents which contain sensitive medical and/or personally identifiable information. (DE 380 at 2.) The United States has offered to provide Defendant with a new copy of his case file with the exception of those documents containing protected information, and to provide copies of documents falling within this category with two caveats: first, Defendant must specifically identify what file or files are necessary for his claims and second, these files will have all protected information redacted. (DE 380 at 2.) This Court finds that this proposal adequately balances the Defendant's need for access to his case file and the Government's interest in protecting third parties from unwarranted access to their protected information. Thus, the United States' motion to retrieve any unredacted portions of Defendant's case file that contain protected information will be granted and Defendant's motion will be granted to the extent he seeks access to all other unprotected portions of his case file.[1]

    As grounds for his motion for an extension, Defendant points to the elimination of his access to his case file following the Government's filing of its motion for return of records. (DE 381.) The Court finds that Defendant has offered a sufficient basis for an extension. As explained above, this Opinion also grants Defendant's request for recommencing his access to his case file once the United States has been permitted to retrieve the sensitive information contained therein. Accordingly, Defendant will be given

---

[1] The Court notes that the United States has submitted a status report advising the Court that it has prepared a copy of Defendant's case file for delivery. (DE 384.) This Court finds that the file as described therein would satisfy the terms of this order and that the United States cannot be compelled to provide access to files that are not in its possession.

thirty days from the date on which he regains access to his case file to submit his reply regarding his motion for return of seized property.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's motion to compel the United States to conform to Bureau of Prisons ("BOP") mailing requirements (DE 378) is **DENIED WITHOUT PREJUDICE;**

2. The United States' motion for permission to retrieve medical and employment files, which contain confidential personally identifiable information (DE 374) is **GRANTED**;

3. Defendant's motion to compel the Bureau of Prisons to permit resumed access to his case file (DE 382) is **GRANTED IN PART**;

4. Defendant shall be allowed to access a redacted copy of his case file, as described by the United States' status report (DE 384), upon delivery by the United States;

5. Defendant's motion for a second extension of time to file a reply (DE 381) is **GRANTED**; and

6. Defendant shall have thirty (30) days following the date he regains access to his case file to submit his reply.

Dated May 5, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3