UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ERNEST WILLIAM SINGLETON,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:13-08-KKC<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on Defendant Ernest William Singleton's motion to recuse. (DE 393).

On June 20, 2013, a jury found Defendant guilty of conspiring to distribute various narcotics and of other charges related to the distribution of narcotics. (DE 201, Verdict; DE 285, Judgment.) Defendant alleges that this Court's evidentiary ruling regarding Kentucky State Police ("KSP") recordings during his criminal trial reasonably calls into question the undersigned's impartiality in any future proceedings. Thus, Defendant moves for recusal pursuant to 28 U.S.C. § 455 ("Section 455"), which, in relevant part, provides that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

Defendant concedes that prior judicial rulings generally cannot constitute a valid basis for recusal under Section 455. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Defendant relies on an exception to this rule announced by the Supreme Court in *Liteky v. United States*, 510 U.S. 540 (1994). The *Liteky* Court stated that:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555–56. However, the *Liteky* Court also stated that judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* The Court took great pains to emphasize that the exception for recusal based on prior judicial rulings is a narrow one.

Defendant represents that this Court's exclusion of over 200 hours of KSP recordings followed an approximately thirty minute review. (DE 393-1 at 3.) Defendant contends that "any reasonable person would conclude that a judge making a ruling on the relevance or admissibility of evdence [sic] in a criminal case cannot do so based on a sampling of less than 1%, specifically 0.25% of the total evidence, the KSP recordings, in question." (DE 393-1 at 3.) Thus, Defendant concludes that a reasonable person could only reasonably conclude that this Court was biased or prejudiced against him. (DE 393-1 at 3.) This Court disagrees.

The *Liteky* Court noted that disputed judicial rulings are almost invariably "proper grounds for appeal, not for recusal." 510 U.S. at 555. Defendant previously appealed his conviction based, in part, on the evidentiary challenge renewed here.[1] Defendant argued that excluding the audio portions of surveillance video containing derogatory statements made by investigators, while allowing the video to be admitted, constituted an abuse of discretion. (DE 356 at 17–18.) The Sixth Circuit found that challenge meritless, agreeing

---

[1] Defendant does not specifically identify which evidentiary ruling he addresses with his instant motion. Two evidentiary rulings were disputed on appeal, however, given that Defendant mentions 200 hours of recordings, it appears likely that he is referencing this Court's exclusion of certain recordings' audio, rather than this Court's refusal to admit a single recording, not admitted during presentation of the evidence, for use during closing argument.

with this Court's ruling that the excluded audio was irrelevant and finding that "[t]he comments made by the agents pertained largely to their perception of the patients at the clinics—they did not implicate Defendant or speak to his guilt or innocence." (DE 356 at 18.)

Section 455(a) creates an objective standard for recusal. Prior adverse rulings will only satisfy this standard if they evidence a deep-seated bias that would render future fair judgments impossible. A panel of the Sixth Circuit was presented the same challenge raised here and found that the disputed ruling was based on firm legal ground, not on any undue animus towards Defendant. Defendant has offered no evidence to contradict the Sixth Circuit's findings.

Accordingly, **IT IS ORDERED** that Defendant's motion to recuse (DE 393) is **DENIED**.

Dated July 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY