UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ERNEST WILLIAM SINGLETON,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:13-8-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's emergency motion for compassionate release. On April 29, 2014, Defendant Ernest William Singleton was sentenced to 240 months imprisonment and three years of supervised release. (DE 285.) On May 1, 2020, Defendant filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c), asking that the Court release him to home confinement. (DE 513.) Under that statute, a court may modify a term of imprisonment if –

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant claims, and the government concedes, that on April 4, 2020, he sent a request to the staff of FCI Elkton, where he is currently incarcerated, that he be released to home

1

confinement. (DE 513-6; DE 515 at 1-2.) That request was denied on April 24, 2020. (DE 515-1-2.)

18 U.S.C. § 3582 explicitly states that a court "may not" modify a prison term except in certain delineated circumstances. One of these circumstances is when a defendant brings a motion for compassionate release – but only if the defendant has first fully exhausted his administrative remedies or 30 days have lapsed since receipt of the request by the warden, whichever is earlier. "[D]istrict courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). As the Third Circuit recently noted, a defendant's failure to comply with the statute's exhaustion requirement before asking a court for compassionate release was "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Further, the "mandatory language" of the statute "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "[M]andatory exhaustion statutes… establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

Defendant makes no mention of any effort to appeal the denial of his request. As outlined in 28 C.F.R. § 542.15(a) ("Administrative Remedy Program – Appeals") –

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response… Appeal to the General Counsel is the final administrative appeal.

*See also* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and

4205(g) (Jan. 17, 2009) https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *United States v. Brummett*, No. 6:07-CR-103-DCR, 2020 WL 1492763, at *1-*2 (E.D. Ky. Mar. 27, 2020). Because Defendant apparently did not seek an appeal of the denial of his request through the Administrative Remedy Program, the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion. *See Gentner*, 2019 WL 5581337, at *1.

Regardless, even if the Court were to consider the substance of Defendant's compassionate release motion, it would fail on its merits. As discussed above, § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

Defendant argues that he should be released from custody because he is concerned about contracting the disease caused by the novel coronavirus, COVID-19. (DE 513.) In support of this argument, Defendant reports that he "has suffered from a history of heart problems," is "saddled with… medical conditions," and is 52 years old. (DE 513 at 2-3, 5.) Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. While the medical condition of a defendant may in certain circumstances establish the requisite "extraordinary and compelling reasons," Defendant has not shown that he "is suffering from

3

a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).[1]

Further, contrary to Defendant's contention (DE 513 at 6), Application Note 1(D)[2] is clearly irrelevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). As the government's response to Defendant's motion makes clear, the BOP has not identified any extraordinary or compelling reasons in Defendant's case. (DE 515 at 5-6.)

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 513) is DENIED.

Dated May 11, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).
[2] That subsection allows that "extraordinary and compelling reasons" may exist for "Other Reasons," specifically, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13, comment. (n.1) (2018).

4