UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ERNEST WILLIAM SINGLETON,<br><br>    Defendant. | CRIMINAL NO. 5:13-8-KKC<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Ernest William Singleton's renewed motion for compassionate release. (DE 531.) On June 20, 2013, a jury convicted Singleton of the following offenses: conspiracy to distribute oxycodone; maintaining a place for the purpose of distributing oxycodone; conspiracy to distribute Schedule IV drugs; distributing Schedule IV and Schedule II narcotics; aiding and abetting the same; and various money laundering offenses. (DE 201; DE 285 at 1-2.) This Court sentenced Singleton to 240 months of imprisonment on April 29, 2014. (DE 285 at 3.) His projected release date is June 26, 2030. Singleton is currently incarcerated at Elkton FCI.

Singleton now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He contends that he is at a high risk of becoming severely ill or dying from COVID-19 because of his obesity and heart and lung conditions. Singleton also requests that the Court modify his conditions of supervision release by ordering a term of home confinement. For the following reasons, Singleton's motion (DE 531) is denied.

1

...

## I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted). Here, the government concedes that more than 30 days have elapsed since Singleton made his request to the warden of his facility. (DE 533 at 2.) Therefore, the Court has authority to consider Singleton's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Singleton's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors extensively at Singleton's sentencing hearing and has reconsidered these factors for the purposes of this motion. (DE 327, Sentencing Tr.) The nature and circumstances of Singleton's crimes are serious and violent. Singleton was the leader and organizer of a scheme to illegally distribute narcotics through medical facilities that he owned and operated. (Sentencing Tr. at 20:23-21:3, 50:21-52:1.) The scheme involved a significant amount of oxycodone—approximately 2,500,000 units of oxycodone were prescribed at Singleton's clinics. (PSR ¶ 36.) Moreover, firearms were always present at the various clinics where quantities of cash from the drug trafficking enterprise were stored, and Singleton had firearms on him while transporting the cash. (Sentencing Tr. at 17:19-23.) While Singleton has no significant criminal history (Sentencing Tr. at 49:15-16), Singleton's drug trafficking offenses suggest that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Based upon the record before it, the Court cannot find that Singleton would not pose a danger to the community if he were to be released.

The guideline range for Singleton, as established under the sentencing guidelines, was 292 months to 365 months, but Singleton was sentenced to 240 months. (Sentencing Tr.

4

at 23:7-11, 52:23-53-3.) Therefore, Singleton was sentenced below the sentencing guideline range, and he has only served approximately 38% of his term. (*See* 533-1 at 3.) The Court commends Singleton for the steps that he has taken while incarcerated to rehabilitate himself, including educating other inmates and completing several adult continuing education programs. (DE 531-1 at 4, 7.) However, considering the need for Singleton's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Further, to the extent that Singleton requests that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

### III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Singleton's release at this time. The Court HEREBY ORDERS that Defendant Ernest William Singleton's motion for compassionate release (DE 531) is DENIED.

Dated February 17, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY