UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:13-CR-008-KKC |
| **Plaintiff,** | |
| v. | **OPINION and ORDER** |
| ERNEST WILLIAM SINGLETON, | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Ernest William Singleton's motion for early termination of supervised release. (R. 547.)

## I.   BACKGROUND

On June 20, 2013, Singleton was found guilty by a jury of multiple drug crimes and money laundering. (R. 201.) Singleton was later sentenced by the undersigned to 240 months imprisonment followed by three years of supervised release. (R. 277.)

Singleton began serving his term of supervised release on April 11, 2025. (R. 46.) At the time of filing his motion, Singleton has served over fifteen months of his term of supervised release. On July 21, 2026, Singleton filed the present motion. (547.) The United States Probation Office ("USPO") does not oppose his request.

## II.   ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* Some § 3553(a) factors may be more

relevant than others, and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Singleton asks the Court to terminate his supervised release because, among other reasons, he has complied with the terms of his supervised release, maintained a law-abiding

lifestyle, has remained employed, has been financially responsible, and has demonstrated rehabilitation throughout the period of supervision. (R. 547 at 1.) The USPO has corroborated these claims. Further, the USPO conducted a criminal record check that revealed no criminal actions against Singleton.

After careful consideration of the applicable § 3553(a) factors, the Court concludes that this case warrants early termination of supervised release. Although the nature and circumstances underlying the offenses are serious, the remaining factors weigh in Singleton's favor.

The need to afford adequate deterrence was satisfied when the Court sentenced Singleton to 240 months imprisonment. Since his release, he has complied with the conditions of supervision and has demonstrated sustained employment and successful rehabilitation efforts, indicating that he is not a danger to the public and is unlikely to reoffend. Continued supervision does not appear necessary to provide Singleton with educational or vocational training, medical care, or other corrective treatment. Additionally, there are no pertinent policy statements that weigh against early termination.

Considering the § 3553(a) factors as a whole, Singleton's conduct and the interests of justice warrant his early termination of supervised release. He has demonstrated good conduct. He has consistently reported as directed, maintained stable employment, and otherwise complied with the terms of his supervised release. In light of this, the interests of justice support early termination of his supervised release.

### III. CONCLUSION

After considering the relevant § 3553(a) factors and the interest of justice, the Court hereby ORDERS that Singleton's motion for early termination of supervised release (R. 547) is GRANTED. Singleton's term of supervised release is TERMINATED as of this date.

This 22nd day of July, 2026.



Signed By:

_**Karen K. Caldwell**_

**United States District Judge**